# Romero *v*. Ruiz et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 35.   Resuelto en Enero 31, 1905.

Derecho de representación.—Línea colateral. El derecho de representación, en la línea colateral, favorece sólo á un grado de la misma, *al tercero*, alcanza únicamente á los sobrinos, hijos de hermanos de vínculo doble ó de medio lado.

Id.—Parientes en quinto grado. De acuerdo con la anterior doctrina, *un hijo de una prima de la causante* ó sea un pariente en *quinto* grado de ésta, no puede alegar con fruto el derecho de representación de su madre, para concurrir en la sucesión con primos, ó sea parientes en *cuarto* grado de la referida causante.

Id.—Herencia.—Parientes más próximos. En las herencias, el pariente más próximo 'en grado, excluye al más remoto, salvo el derecho de representación en los casos en que deba tener lugar.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr. García Cuervo*.

La parte apelada no compareció.

El Juez Asociado Sr. Figueras emitió la Opinión del Tribunal.

Doña Josefa Ruiz Córdova falleció en Barcelona, España, el 13 de Febrero de 1902, sin que hubiese otorgado testamento, ni conste que tenga ascendientes ni descendientes legítimos y con los documentos que se estimaron necesarios se solicitó por varios parientes una declaratoria de herederos y la Corte del Distrito de San Juan, después de la correspondiente tramitación, dictó en 20 de Abril de 1903, un auto cuya parte dispositiva es como sigue:

"Se declaran únicos y universales herederos de Doña Josefa Ruiz y Córdova á sus parientes colaterales en cuarto grado D. Manuel Sandalio y Da. Eusebia María del Carmen Ruiz y Pacheco y Don Manuel Areizaga y Córdoba: líbrense á los interesados los testimonios que de este auto se solicitaren y archívese. Juan Morales Martínez. Frank H. Richmond.   José Tous Soto."

El abogado Don Damián Monserrat en representación

de Don Juan Bautista Romero, pariente en quinto grado de la causante Da. Josefa Ruiz Córdova por ser hijo legítimo de una prima de ésta, fallecida en 23 de Enero de 1877, estableció juicio declarativo contra los declarados herederos para que se declare nula esa declaratoria ó que se le declare también heredero por derecho de representación de su madre Da. Josefa Areizaga Córdova, que se encontraba con los otros declarados en igual grado cuarto de parentesco con la causante.

Ese juicio se siguió en rebeldía de los demandados y el Tribunal de Distrito de San Juan, después de examinar la documentación que el actor presentó, dictó en 23 de Mayo del año anterior sentencia, cuya parte dispositiva dice así:

"Fallamos: que declarando con lugar esta demanda debemos declarar y declaramos al actor Don Juan Bautista Romero y Areizaga heredero por derecho de representación de su Sra. madre fallecida, Da. Josefa Areizaga Córdoba, de Doña Josefa Ruiz Córdoba: debiendo entenderse modificado el auto de este Tribunal de fecha 20 de Abril de 1903, declarando herederos de dicha Sra. Da. Josefa Ruiz Córdoba á sus parientes en cuarto grado Don Manuel Sandalio Ruiz Pacheco, Da. Eusebia María del Cármen de los mismos apellidos y Don Manuel Areizaga, los demandados en este pleito, en el sentido de incluirse entre los herederos allí declarados al actor, haciéndose constar así por nota puesta en el mismo, sin especial condenación de costas.—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.—Juan Morera Martínez.—Franch H. Richmond.—José Tous Soto."

De esa sentencia se interpuso apelación por los demandados anteriormente declarados herederos y en su representación se personó en esta Corte Suprema el Letrado Don Emilio García Cuervo, acompañando las copias necesarias certificadas por éste y por Don Damián Monserrat, abogado del apelado, que no se personó en esta Corte, y después del correspondiente alegato de los apelantes, impugnando la sentencia, acompañado de un árbol

genealógico, se celebró la vista sin asistencia de las partes.

Veamos ahora la cuestión planteada.

El demandante Don Juan Bautista Romero es hijo de Da. Josefa Areizaga quien falleció y era prima de la causante Da. Josefa Ruiz Córdova. Con este antecedente ¿puede aquél alegar con fruto el derecho de representación de su madre para concurrir en la sucesión con primos, ó sea parientes en cuarto grado de la referida causante Da. Josefa Ruiz Córdova?

Entendemos que nó. La representación en la línea colateral favorece sólo á un grado de la misma, al tercero, alcanza únicamente á los sobrinos, hijos de hermanos de vínculo doble ó de medio lado, según así lo establece el Código Civil Revisado en el 2do. apartado del art. 899 que es copia fiel del art. 925 del Código anterior.

Si el demandante, hoy apelado, fuera hijo de una hermana fallecida de la causante entonces era indiscutible su derecho de representación. Pero no es así, es hijo de una prima y la representación dentro del orden colateral tiene un criterio restrictivo y ya Chabot expuso las razones que abonan esa restricción, con referencia al Código francés, patrón y antecedente de los demás.

"Es preciso (dice) no olvidar que en la representación se busca el sistema más conforme á los designios de la naturaleza, al orden de afecciones, á la presunta voluntad del difunto.

"Imitando la naturaleza que establece una sucesión de amor y ternura entre los hermanos y sus descendientes, la ley debe así mismo establecer entre ellos la sucesión de los bienes......

"Mas la Ley debe detenerse donde la naturaleza se para, y no debe imponer igualdad de sentimientos donde realmente no existe"...........

"Si se admitiese la representación hasta lo infinito, al

abrirse una sucesión, llamarían á la puerta del difunto un sin número de herederos, hecho que lastimaría la agricultura y causaría daños al comercio, ya que se verificaría en todos los casos una excesiva división y subdivisión de bienes. Si damos el derecho de suceder á un gran número de herederos, no les concederemos bienes, sino que les regalaríamos molestias y litigios."

Siendo esto así, hay que aplicar el art. 895 del Código Civil Revisado que dice:

"En las herencias el pariente más próximo en grado excluye al más remoto, salvo el derecho de representación en los casos en que deba tener lugar."

Es así que el demandante, y apelado hoy, Don Juan Bautista Romero, no tiene el derecho de representación y que es pariente en quinto grado de la causante ó sea un grado más remoto de los que han concurrido á su sucesión, luego no tiene el derecho que pretende y por tanto la sentencia apelada de 23 de Mayo de 1904, no se ajusta á la ley y debe por tanto revocarse, y declararse sin lugar la demanda, absolviendo de ella á los demandados, con todas las costas á cargo del demandante y apelado Don Juan Bautista Romero.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, MacLeary y Wolf.